**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JOHNNIE LANE,                )
                                      )
              Petitioner,      )
                                        )
              v.              )        Case No. 4:22CV677 HEA
                                        )
UNITED STATES OF AMERICA,   )
                                        )
              Respondent.     )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Antonio Minnis' Motion to
Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1].
The United States of America has responded to the Motion pursuant to the Court's
Show Cause Order. For the reasons set forth below, the Motion will be denied.

### Factual Background

The factual background is set forth in the record, the Guilty Plea Agreement,
and the United States of America's Response.

### Procedural Background

On July 1, 2019, a criminal complaint was filed against Petitioner charging
him with Sex Trafficking of a Child, Enticement of Minor to Engage in a Criminal
Sex Act, and Transportation of a Minor Across State Lines to Engage in a Criminal

Sex Act. On July 3, 2018, Terence Niehoff (Niehoff) entered his appearance on

behalf of Lane. Several days later, on July 8, 2019, attorney Michael Hufty (Hufty)

also entered his appearance as co-counsel with Niehoff on behalf of Lane.

On July 11, 2019, a Grand Jury charged Petitioner in a three count

indictment with: one count of Enticement of Minor to Engage in a Criminal

Sexual Act in violation of 18 U.S.C. § 2422(b); one count of Sex

Trafficking of a Child, in violation of 18 U.S.C. § 1591(b)(2); and one count of

Transportation of a Minor Across State Lines with the Intent to Engage in Criminal

Sexual Activity, in violation of 18 U.S.C. § 2423(a).

On January 15, 2020, Petitioner waived the filing of pre-trial motions, and

the matter was set for trial. After numerous requests by the defendant for

continuances, Petitioner entered a guilty plea on April 14, 2021. Petitioner pled

guilty to all three charges listed in the indictment. On August 11, 2021, Petitioner

was sentenced to 172 months in prison, in accordance with recommendations made

by parties to the Court in the guilty plea agreement.

Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence

pursuant to 28 U.S.C. § 2255, on June 27, 2022.

## Legal Standards

Relief Under 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on

the ground "that the sentence was imposed in violation of the Constitution or laws

of the United States, or that the court was without jurisdiction to impose such

sentence, or that the sentence was in excess of the maximum authorized by law, or

is otherwise subject to collateral attack, may move the court which imposed the

sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal

habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and

errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors

of law, moreover, only constitute grounds for relief under § 2255 when such error

"constitute[s] a fundamental defect which inherently results in a complete

miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979)

(internal quotation omitted). Movant bears the burden to prove he is entitled to

relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Ineffective Assistance of Counsel

> "The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.
> 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating
> [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United
> States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his
> counsel's performance was deficient and that [he] suffered prejudice as a
> result" to prove a violation of his Sixth Amendment rights. *Id*.

> "Deficient performance is that which falls below the range of competence
> demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d
> 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a
> 'high bar' for unreasonable assistance." *Love [v. United States]*, 949 F.3d
> [406], 410 [8th Cir. 2020] (quoting *Buck v. Davis*, 137 S. Ct. 759, 775
> (2017)). Only a performance "outside the wide range of reasonable

professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

"Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is highly deferential, and the Court "presumes counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The Court does not second-guess trial strategy or rely on the

4

benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that Movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54, quoting *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the Court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

<u>Right to Evidentiary Hearing</u>

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996), quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043, citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990).

Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

<u>Timeliness of Motion</u>

28 U.S.C. § 2255(f) generally requires a § 2255 movant to file a motion within one year of the judgment becoming final. It states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. See *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (because defendant did not file a direct appeal, his conviction became final when the period for filing a notice of appeal expired.).

Petitioner was sentenced on August 20, 2020. He did not file an appeal of his sentence. To be timely under § 2255(f)(1), Petitioner had until August 20, 2021, to bring his § 2255 motion. This motion was filed on March 3, 2022, so his § 2255 motion is time barred and must be dismissed unless, in this case, equitable tolling applies.

**Claims for Relief**

**Ground One**

7

In Ground One of his Petition, Petitioner claims the grand jury was improperly impaneled and that he was not properly presented and indicted. Petitioner presents nothing in support of these claims.

As Respondent correctly points out, the Grand Jury was impaneled in accordance with 28 U.S.C. §1861-1878 and the Federal Rules of Civil Procedure Rule 6. The record reflects that the indictment in this matter was returned in open court and the indictment was signed by the Grand Jury foreperson. Notwithstanding the propriety of the procedure, Petitioner's claim fails for the additional reason that it was not lodged within seven days of discovery of any substantial failure as provided in 28 U.S.C. § 1867(a).

Petitioner's claim that he was held to answer for crime without presentment or indictment is belied by the record.   He was presented to Judge Collins the same day he was arrested. Judge Collins advised him of his rights, and he was given a copy of the complaint.

With respect to Petitioner's claim that this Court lacked jurisdiction, Petitioner fails to identify what aspects of this case give rise to his lack of jurisdiction claim.   The crimes for which Petitioner pled guilty clearly affected interstate commerce-he transported a minor across state lines for the purpose of engaging in sexual activity after engaging using the internet, and he paid the minor victim in exchange for sex. *See U.S v. Mugan*, 441 F.3d 622, 627-29(8th Cir. 2006).

8

**Ground Two**

Petitioner claims Respondent perpetuated a fraud against him and the Court to obtain a judgment against him.   In this claim, Petitioner again challenges the propriety of the Grand Jury proceedings. He claims they were fake, and that the Government conspired against him to charge him with crimes he did not commit. The record, as discussed above, establishes Petitioner's claims are completely meritless.

Petitioner also claims he was threatened with a long prison sentence if he did not plead guilty. Rather than such a threat, Petitioner was presented with a superseding indictment which include production of child pornography once the authorities were able to access the files on Petitioner's cell phone. In its negotiations with Petitioner, Respondent offered to stand by the original agreement without filing a superseding indictment which would include the child pornography charge.

Furthermore, Petitioner testified, under oath, at the change of plea hearing that no one threatened him or forced him to plead guilty. He testified that he was pleading guilty voluntarily and knowingly and of his own free will.

**Ground Three**

Petitioner claims counsel was ineffective for failing to challenge the jurisdictional issues, for coercing him to accept a guilty plea agreement, and for failing to investigate victim/witness.

As discussed above, neither the jurisdictional challenge nor the coercing issues are meritorious. As such, counsel cannot be found to be ineffective.   The record establishes that the Grand Jury proceedings and all proceedings thereafter were within the perimeters of the statutory authority.

Likewise, Petitioner himself advised the Court that no one, which would include his counsel, was forcing him to plead guilty and that he was entering into the plea agreement voluntarily, knowingly and of his own free will. As Respondent argues, Petitioner was given a negotiated plea deal which significantly limited the amount of jail time Petitioner was to serve.

Petitioner's argument that counsel failed to investigate the victim/witness. Petitioner is vague in this regard.   He fails to identify which witnesses were not investigated. He fails to set forth how this claimed failure prejudice him, and he fails to recognize that if he wanted counsel to have the victim sit for a deposition, counsel would have been unsuccessful since victims' depositions are not allowed in this Court.   Petitioner has failed to satisfy the *Strickland* standards for ineffective assistance of counsel.

## Conclusion

Based upon the foregoing analysis, none of Petitioner's claims entitle him to relief. Petitioner's motion will be denied in its entirety.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *Id.* § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338,

quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is dismissed

on procedural grounds without reaching the underlying constitutional claim, "the

[Movant must show], at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its

procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that

Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. §

2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will

not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside,

or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of

appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 12th day of April,  2023.

_____
        HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE